IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| TANYA HENDERSON | § | |
| --- | --- | --- |
| | § | |
| v. | § | No. 1:14-cv-224 |
| | § | |
| WAL-MART STORES, INC. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial proceedings. (Doc. No. 24.) Pending before the court is the second "Motion for Summary Judgment" (Doc. No. 32) filed by the Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"). The court has received and considered the report and recommendation of the magistrate judge (Doc. No. 36), recommending that the court grant Wal-Mart's motion. The Plaintiff, Tanya Henderson ("Henderson"), has objected to two of the magistrate judge's findings. She claims that the magistrate judge erred in allowing a second motion for summary judgment and that Wal-Mart's failure to comply with its own safety procedures is an "activity" that can support her negligent activity claim. (Doc. No. 38.)

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), overruled on other grounds by Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1412 (5th Cir. 1996) (en banc).

After considering Henderson's objections, the court finds that they are without merit and that the magistrate judge's findings and conclusions are correct. First, the magistrate judge did not err in considering a second motion for summary judgment. There is no absolute prohibition on such motions, and whether to allow them is soundly within the discretion of the court. Based on the circumstances in this case, it was appropriate to allow a second motion for summary judgment. Second, the magistrate judge concluded that Henderson's injury was not the result of an activity, but rather was the result of a condition on the premises. Henderson objects, and argues that the "'negligent activity' at issue is Wal-Mart's failure to comply with its own documented safety procedures." (Doc. No. 38.) This argument, however, is not supported by Texas law. A negligent activity claim is based on "malfeasance" and requires evidence of "affirmative, contemporaneous conduct [by the premises owner] that caused injury." See Oncor Electric Delivery Co., L.L.C. v. Murillo, 449 S.W.3d 583, 591–92 (Tex. App.—Houston [1st Dist.] 2014, pet. filed). An omission or failure to act does not support a negligent activity claim. See id. (rejecting an argument that a failure to act could support a negligent activity claim). Accordingly, Wal-Mart's failure to comply with its operating procedures, which is akin to a failure to act, cannot be the underlying activity, and notably, Henderson does not argue that there is any other contemporaneous activity that caused her to fall.

In sum, Henderson's efforts to characterize her claim as a negligent activity claim are unavailing. The evidence demonstrates that a condition on the premises caused Henderson to fall, not any contemporaneous activity attributable to Wal-Mart. Accordingly, Henderson's claim is one for premises liability. The court, however, has already granted summary judgment in Wal-Mart's favor on this claim. (Doc. No. 31.)

It is therefore **ORDERED** that the magistrate judge's report and recommendation (Doc. No. 36) is **ADOPTED**; and Wal-Mart's "Motion for Summary Judgment" (Doc. No. 32) is **GRANTED**.

**SIGNED** this the 23 day of **June, 2015.**

_____
Thad Heartfield
United States District Judge